IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL GREGORY DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | CASE NO. 3:10-1197 |
| ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE and DAVIDSON ) | |
| COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment" filed by the Metropolitan Government of Nashville and Davidson County ("Metro" or "Metro Government") (Docket No. 47) and a "Motion for Summary Judgment" filed by Defendant Correct Care Solutions ("CCS") (Docket No. 72). Metro has filed a supporting Memorandum (Docket No. 48), a Statement of Undisputed Facts (Docket No. 49), and the Declaration of Christopher Allgood (Docket No. 50). CCS has also filed a supporting Memorandum (Docket No. 73), a Statement of Undisputed Facts (Docket No. 74), and the Affidavit of Jeremy McCraw, a Registered Nurse who is the Assistant Health Services Administrator for CCS (Docket No. 72-1). Attached to Mr. McCraw's Affidavit are a number of Plaintiff's medical records.

Plaintiff has filed a "Brief in Opposition to Defendants' Summary Judgment Motion." Docket No. 75. With his Opposition Brief, Plaintiff filed a Statement of Undisputed Facts

(Docket No. 77) and a Declaration (Docket No 78).

In the interim between the filing of Defendants' Motions for Summary Judgment, Plaintiff filed his own "Motion Cross Move for Summary Judgment" (Docket No. 55), which the Court will construe as a Motion for Summary Judgment on behalf of Plaintiff. With his Motion for Summary Judgment, Plaintiff has submitted a supporting Memorandum (Docket No. 56), his own Declaration (Docket No. 57) and his own Statement of Undisputed Facts (Docket No. 58).

Metro has filed a Response in Opposition to Plaintiff's Motion for Summary Judgment. Docket No. 67. CCS has also filed a Response to Plaintiff's Motion which in part adopts Metro's Brief. Docket No. 70. CCS has also filed a Reply Brief regarding its Motion for Summary Judgment. Docket No. 79.

Because the Court will consider matters outside the pleadings, the Court will treat Metro's Motion as a Motion for Summary Judgment.

This is a pro se, in forma pauperis action filed pursuant to 42 U.S.C. § 1983 by an inmate housed at the Davidson County Criminal Justice Center at the time of the incidents referred to in the Complaint. Docket No. 1. Plaintiff's "Statement of Claim" against these two Defendants is set forth separately in his Verified Complaint. His allegations concerning Correct Care Solutions, in their entirety, are as follows:

> (1) Correct Care Solutions, on 11-27-10 I was called to the clinic for sick-call to get some pain meds for my left injured knee that happen on 11-9-10. I was put on crutches on 11-9-10. On 11-27-10 my left knee hadn't gotten any better and the pain med that I was taking ran out. I was seen by the Nurse Practitioner who told me that she was going to take me off the crutches that day. I informed her that I needed them and I can't walk or even stretch my leg out to full length. I told her that I feel like it's going to pop out of place and I can feel the pain all the way in my foot. She informed me that she didn't care and she is going to take them

2

> anyway. 2nd shift came on and Sgt. Allgood took my crutches and
> they move me from the third floor back to the 5th floor. By me
> trying to walk without crutches I reinjured my knee on the 5th floor
> twisting my knee and hitting my head and right shoulder against
> the wall and causing my injury to become worse! Due to taking
> my crutches before time, C.C.S. for hiring inadequate medical
> staff! C.C.S.'s Nurse Practitioner has a hostile attitude toward me
> and the bad judgment by C.C.S. Medical personnel. C.C.S. care is
> extremely bad, and I informed the Nurse Practitioner that my
> Medical need for the crutches was serious but she disregarded it.

Docket No. 1, p. 3.

Plaintiff's "Statement of Claim" against Metro Government is set forth in its entirety as follows:

> (2) Metropolitan Government for having a contract with an
> extremely inadequate health care provider who disregard the
> seriousness my injury and any injury that I had and thinking
> Tylenol is a cure for everything. And has fail to provide a
> adequate health care provider. And Metro Government for
> inadequate officers who took my crutches and Sgt. Allgood knew
> that I couldn't walk and he stated he didn't care and he is going to
> take my crutches! I am a pre-trial detainee and the doctor Dr.
> Miller have put me back on crutches cause the x-ray that was done
> on
> 11-29-10 show that they is swelling on the knee and my afielber
> [?] Correct Care Solutions (C.C.S.) Medical staff took my crutches
> before I even had an x-ray to look at the problem with my knee to
> see the serious of my injury to see if it was even time to take me
> off crutches or not. And causing me to further injured my right
> shoulder/arm by hitting it against the wall when I was attempting
> to try and walk. Metropolitan Government of Nashville and
> Davidson County for not providing adequate Medical care
> provider who don't have an adequate system for identifying
> inmates/pre-trial detainee with Medical needs and make sure that
> they are diagnosed and treated. Deficiencies and procedures which
> make unnecessary suffering inevitable.

Docket No. 1, p. 4-5.

Plaintiff seeks compensatory damages, as well as further medical examination and

treatment of his injuries.

Defendant Metro Government argues that Plaintiff has failed to allege facts sufficient to establish either the objective or subjective elements of a deliberate indifference to serious medical needs claim, and that he has failed to alleged facts sufficient to establish that Metro Government's allegedly harmful actions were the result of an official Metro custom, policy, or practice. Defendant CCS also argues that Plaintiff has failed to show that CCS was deliberately indifferent to a serious medical need.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To prevail, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *See Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 202 (1986); *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the court must view the evidence in the light most favorable to the nonmoving party. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the non-moving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a non-moving party, however, fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial, there is

4

no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id*. at 322-23; *Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a dismissal for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

In Plaintiff's Complaint, he seeks to sue CCS and possibly Metro for the actions of their employees. Neither of these Defendants, however, can be liable for the actions of their employees under a theory of respondeat superior or vicarious liability. *Street v. Corrections Corp. of Am.,* 103 F.3d 810, 818 (6th Cir. 1996) *citing Monell v. Dept. of Soc. Serv.,* 436 U.S. 658

5

(1978).

In order for either Defendant to be subject to liability under § 1983, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of the policy with 'deliberate indifference' toward the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris,* 489 U.S. 378, 387-88 (1989). *See also Monell, supra,* 436 U.S. at 690-91. Thus, in order to state a claim against either CCS or Metro, Plaintiff must provide facts that show or imply the existence of a constitutionally deficient policy or custom that caused him injury. *See Ashcroft v. Iqbal*, *supra*.

In Plaintiff's Briefs, he focuses solely on the argument that Defendants were deliberately indifferent to his serious medical needs. Docket Nos. 56, 75. He does not address the issue of respondeat superior or the requirement of an official policy, practice or custom that allegedly caused his injury. In one of his Declarations, however, he argues in part:

> 8.) In order to provide <u>adequate</u> medical care, prison officials <u>must</u> have an adequate system for identifying inmates or pre-trial detainee with medical needs and <u>making sure</u> that they are <u>diagnosed</u> and <u>treated</u>. CJC do not have an adequate system! If they did my medical need would have been diagnosed before the Medical staff try to take me off crutches!
>
> 9.) The plaintiff claim does state a custom, policy, or practice! Document 3, page 3 filed 12/27/10. The plaintiff's claim requires the existence of a custom, practice, or policy that violates federally protected rights . . . . The plaintiff alleges in the complaint that defendant Metropolitan Government does not provide an adequate medical care provider that maintains an appropriate system for identifying inmates and pre-trial detainees with Medical needs requiring treatment. (Docket No. 1 at p. 5). The defendants' policies and procedures cause unnecessary suffering!

Docket No. 57, p. 2-3 (citations omitted, underlining in original).

"Document 3," cited by Plaintiff above, is an Order entered by Judge Campbell on

December 27, 2010, addressing Plaintiff's application to proceed in forma pauperis and reviewing the case for frivolity under 28 U.S.C. § 1915A. Docket No. 3. That Order, which obviously is not part of Plaintiff's Complaint, states in relevant part as follows:

> The plaintiff's claim requires the existence of a custom, practice, or policy that violates federally-protected rights. . . . The plaintiff alleges in his complaint that defendant Metropolitan Government of Nashville and Davidson County does not provide an adequate medical care provider that maintains an appropriate system for identifying inmates and pre-trial detainees with medical needs requiring treatment. . . . The plaintiff further alleges that the defendants' policies and procedures cause "unnecessary suffering." . . . These allegations are sufficient to withstand the court's initial frivolity review.

Docket No. 3, p. 3 n.2 (citations omitted). This quotation appears in a footnote that accompanies the following sentence:

> Although it is unclear whether plaintiff ultimately can prevail on this claim or other claims, [footnote 2] the court finds that the plaintiff has sufficiently stated a claim upon which relief can be granted under the Eighth Amendment of the United States Constitution 242 U.S.C. § 1983.

The standards of reviewing a case for frivolity under 28 U.S.C. § 1915A and the standards for reviewing a summary judgment motion are different. At the frivolity review stage, a Court may be more lenient in determining whether a complaint is frivolous. At the summary judgment stage of the proceedings, however, Plaintiff must "put up or shut up." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

It is readily apparent from his Complaint that Plaintiff's claim against CCS is related solely to the unnamed Nurse Practitioner's taking Plaintiff's crutches. She is not a party to this action. Plaintiff never remotely makes any allegation that the decision of the Nurse Practitioner to take Plaintiff's crutches was the result of an official policy, practice, or custom of CCS.

7

Plaintiff seeks to hold CCS liable for the actions of its employee. As discussed above, however, CCS, is not liable for the actions of its employee under a theory of respondeat superior or vicarious liability. CCS, therefore, is entitled to a judgment as a matter of law.

Plaintiff's main claim against Metro Government is that it contracted with a medical care provider, CCS, that provided "inadequate" medical services. Plaintiff seeks to somehow bootstrap this argument into an official policy, practice, or custom. As Metro argues, however, there are no facts in the record to support such a claim. Plaintiff also mentions, "And Metro Government for inadequate officers who took my crutches and Sgt. Allgood knew that I couldn't walk and he stated he didn't care and he is going to take my crutches!" There is, however, no cause of action against Metro Government for "inadequate officers," and Plaintiff has not sued Sgt. Allgood.

The standard applied in a Section 1983 "inadequate hiring" case is the stringent standard of "deliberate indifference." Hiring cases present a:

> particular danger that a municipality will be held liable for an injury not directly caused by a deliberate action attributable to the municipality itself. Every injury suffered at the hands of a municipal employee can be traced to a hiring decision in a "but-for" sense: But for the municipality's decision to hire the employee, plaintiff would not have suffered the injury. To prevent municipal liability for a hiring decision from collapsing into a *respondeat superior* liability, a court must carefully test the link between the policymaker's inadequate decision and the particular injury alleged.

*Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 410 (1997).

A viable Section 1983 claim in the hiring context is rare. "Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly

8

Case 3:10-cv-01197   Document 81   Filed 06/25/12   Page 8 of 10 PageID #: 273

obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute 'deliberate indifference.'" *Id*. at 411.

Plaintiff makes no allegations that the method by which Metro selected CCS was somehow improper or inadequate. Plaintiff has put forward no facts related to the bid process that Metro uses for procuring a medical care provider for its jails. Plaintiff provides no facts indicating there was anything in CCS's history or background which should have alerted Metro that contracting with CCS would obviously result in the deprivation of a third party's constitutional rights. Plaintiff identifies no other inmates who purportedly received inadequate medical care. Plaintiff provides no evidence that any allegedly poor medical care provided to him was anything more than an isolated incident.

Finally, as discussed above, the sole claim set out in Plaintiff's Complaint with regard to CCS relates to the Nurse Practitioner who took Plaintiff's crutches on November 27, 2010. Plaintiff makes no claim, in his Complaint, for any other actions or inactions of CCS or its employees. Some of Plaintiff's other filings, however, relate to periods of time after November 27, 2010. But Plaintiff does not make any argument that any particular employee of CCS (other than the Nurse Practitioner) violated his rights, and Plaintiff has not sued any individual employees of CCS (or Metro).

For the foregoing reasons, the undersigned concludes that there is no genuine issue as to any material fact, and that Defendants are entitled to a judgment as a matter of law. Thus, the Court recommends that Metro Government's Motion for Summary Judgment (Docket No. 47) and CCS's Motion for Summary Judgment (Docket No. 72) be GRANTED.

9

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge