UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMUEL GREGORY DORSEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-cv-01197 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| METROPOLITAN GOVERNMENT | ) | |
| OF NASHVILLE AT DAVIDSON COUNTY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

On June 25, 2012, the Magistrate Judge issued a Report and Recommendation (R&R) (Docket No. 81) on the Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment filed by Metropolitan Government of Nashville at Davidson County ("Metro" or "Metro Government") (Docket No. 47) and a Motion for Summary Judgment filed by Correction Care Solutions ("CCS")(Docket No. 72), recommending that both motions[1] be granted.

On June 26, 2012, the Magistrate Judge issued a second R&R (Docket No. 82) on the plaintiff's "Motion Cross Move for Summary Judgment" (Docket No. 55), which the Magistrate Judge construed as a motion for summary judgment on behalf of the plaintiff. In that R&R, the Magistrate Judge recommends that the plaintiff's motion be denied. (Docket No. 82 at p. 1).

Pending before the court are Objections to the June 25, 2012, R&R timely filed by the plaintiff (Docket No. 87) and a response filed by defendant Metro (Docket No. 88). For the reasons discussed below, the court finds that the plaintiff's objections lack merit and should be overruled.

---

[1] Because the Magistrate Judge considered matters outside of the pleadings, the Magistrate Judge treated Metro's motion as a motion for summary judgment. (Docket No. 81 at p. 2).

1

## I. Introduction

The plaintiff brought this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983 against Metro Government and CCS, alleging that, while he was a pre-trial detainee being held at the Davidson County Criminal Justice Center, the defendants were deliberately indifferent to the plaintiff's serious medical needs. The plaintiff further alleges that Metro Government's allegedly harmful actions were the result of an official Metro custom, policy, or practice and that Metro Government contracted with a medical care provider–CCS–that provided inadequate medical services within the jails. The plaintiff seeks compensatory damages, as well as further medical examinations and treatment of his injuries. (Docket No. 1).

## II. Facts

The plaintiff alleges that, while held at the Davidson County Criminal Justice Center on November 9, 2010, his left knee was injured. As treatment, he received pain medication and crutches. The plaintiff alleges that he returned to the jail "clinic" for sick-call on November 27, 2010, for purposes of seeking additional medication for his knee pain, but the nurse practitioner told him that she was "taking [the plaintiff] off crutches" at that time. (Docket No. 1 at p. 3). The plaintiff alleges that, although he requested the continued use of the crutches for his leg and knee pain, the nurse practitioner told him that "she didn't care" and that he would not be permitted to use the crutches any longer. (*Id.*)

The plaintiff alleges that the second shift correctional officers took away his crutches later that day and moved the plaintiff from the third floor to the fifth floor. The plaintiff alleges that, without the assistance of his crutches and with additional steps now to navigate, he fell and reinjured his knee. He also hit his head and right shoulder against the wall during the fall. The plaintiff

alleges that a physician named f/n/u Miller subsequently x-rayed the plaintiff on November 29, 2010, and ordered that the crutches be returned to the plaintiff due to the swelling in his knee . (Docket No. 1 at p. 4).

The plaintiff claims that Metro Government "has fail[ed] to provide a[n] adequate health care provider," "having a contract with an extremely inadequate health care provider who disregarded the seriousness of [his] injury and any injury that [he] had and thinking Tylenol is a cure for everything." (*Id.*)

### III.  Report and Recommendations

In his June 25, 2012, R&R (Docket No. 81), the Magistrate Judge recommends that both defendants' motions for summary judgment be granted. With regard to the plaintiff's claims against defendant Metro Government, the Magistrate Judge recommends that those claims be dismissed for two reasons: first, because no genuine issue of material fact exists as to whether the inadequate medical care the plaintiff allegedly received was the result of a custom, policy, or practice of the Metro Government and, second, because no genuine issue of material fact exists as to whether Metro Government's hiring of CCS constituted deliberate indifference on the part of Metro Government. (*Id.* at pp. 8-9).

As to the former, the Magistrate Judge concludes that, even though the plaintiff's allegations regarding the existence of a custom, policy, or practice were sufficient to withstand a frivolity review under 28 U.S.C. § 1915A, at this stage of the proceedings the plaintiff has not presented any facts to establish that any inadequate medical care he allegedly received was the result of a custom, policy, or practice of Metro Government. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994)(a plaintiff asserting a Section 1983 claim on the basis

3

of a municipal custom or policy must "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.").

As to the latter, the Magistrate Judge finds that the plaintiff has presented no facts to support his contention that Metro's decision to hire CCS as its jail medical provider constituted deliberate indifference. The Magistrate Judge points out that the plaintiff makes no allegations that the method by which Metro selected CCS was improper or inadequate; that plaintiff has put forth no facts related to the bid process that Metro uses for procuring a medical provider for its jails; that plaintiff has failed to provide any facts indicating that there was anything in CCS's history or background which should have alerted Metro that contracting with CCS would obviously result in the deprivation of a third party's constitutional rights; and, finally, that plaintiff has provided no evidence that any allegedly poor medical care provided to him was anything more than an isolated incident. (Docket No. 81 at p. 9).

With regard to the plaintiff's claims against defendant CCS, the Magistrate Judge recommends that those claims be dismissed because CCS is not liable for the actions of its employee, the nurse practitioner, under a theory of *respondeat superior* or vicarious liability. (*Id.* at p. 8). The Magistrate Judge concludes that the plaintiff has not alleged that the decision of the nurse practitioner to take away the plaintiff's crutches was the result of an official policy, practice, or custom of CCS. (*Id.* at p. 7). Further, the Magistrate Judge notes that the plaintiff does not argue that any other employee of CCS violated his rights, and the plaintiff did not sue any individual employees of CCS.

In the June 26, 2012 R&R (Docket No. 82), the Magistrate Judge recommends that, because

4

the defendants' motion for summary judgment should be granted, the plaintiff's cross- motion for summary judgment (Docket No. 55) should be denied.

## IV. Standard of Review

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the R&R to which a party specifically objects. Fed. R .Civ. P. 72(b)(3). Here, the R&R concerned a motion for summary judgment, so this court will review the contested findings *de novo*. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir.2001).

Federal Rule of Civil Procedure 56(c) requires the court to grant a motion for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed .R. Civ .P. 56(c). If a moving defendant shows that there is no genuine issue of material fact as to at least one essential element of the plaintiff's claim, the burden shifts to the plaintiff to provide evidence beyond the pleadings, "set[ting] forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "In evaluating the evidence, the court must draw all inferences in the light most favorable to the [plaintiff]." *Moldowan*, 578 F.3d at 374.

"'[T]he judge's function is not ... to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.'" *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). But "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient," and the plaintiff's proof must be more than "merely colorable." *Anderson*, 477 U.S. at 249, 252. An issue of fact is "genuine" only if a reasonable jury

could find for the plaintiff. *Moldowan*, 578 F.3d at 374 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

V.      **Plaintiff's Objections to the R&R**

The plaintiff only makes two objections to the Magistrate Judge's recommendation to grant the defendants' motions for summary judgment: (1) the plaintiff does not have to sue any individuals and (2) his complaint identifies an unconstitutional policy, practice, or custom of Metro Government. (Docket No. 87 at p. 1).

The plaintiff's first objection may be in response to the Magistrate Judge having noted in the June 25, 2012, R&R that the plaintiff did not name as defendants either the nurse practitioner who took away the plaintiff's crutches, Sergeant Allgood, who allegedly told the plaintiff that he didn't care if the nurse practitioner took away the plaintiff's crutches, or any individual employees of CCS or Metro. (Docket No. 81 at pp. 7, 8, 9). The plaintiff is correct in that he is not required to sue anyone he does not wish to sue. However, the plaintiff's decision to sue *only* Metro Government and CCS, as opposed to named persons in their individual capacities, affects the analysis and disposition of the plaintiff's claims, which the Magistrate Judge notes. Having only sued Metro Government and CCS, the law requires that the plaintiff show those defendants acted with deliberate indifference to the plaintiff's serious medical needs and pursuant to a policy, custom, or practice. The plaintiff has been unable to do so.

As to the plaintiff's second objection, while the plaintiff *alleges* in his complaint that such a policy, practice, or custom exists, "[a]t the summary judgment stage of the proceedings . . . Plaintiff must 'put up or shut up.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). As noted by the Magistrate Judge, the plaintiff here has not "put up" or submitted evidence

in support of his allegations. Thus, even if the plaintiff had demonstrated deliberate indifference on the part of a defendant, the plaintiff simply has not identified any unconstitutional policy, practice, or custom of the defendants that led to the plaintiff's injuries.

**VI.     Conclusion**

After reviewing the pleadings and the record *de novo*, and considering the plaintiff's specific objections to the Magistrate Judge's Report and Recommendation entered on June 25, 2012, the court agrees with the Magistrate Judge's analysis and recommendation and finds that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Therefore, the plaintiff's objections will be overruled, and both R&Rs will be adopted and approved.

An appropriate order will follow.

Aleta A. Trauger
United States District Judge